UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

DONNA SCOTT

v.

DETROIT MEDICAL CENTER, &
CHILDREN'S HOSPITAL OF MICHIGAN

CASE NO. 07-11635

DISTRICT JUDGE NANCY G. EDMUNDS
MAGISTRATE JUDGE STEVEN PEPE

ORDER DENYING PLAINTIFF'S MOTION TO COMPEL (Dkt. # 13)

Plaintiff, on September 14, 2007, filed a motion to compel discovery (Dkt. # 13). Defendants filed their response on September 29, 2007 (Dkt. # 15). Plaintiff filed her Statement of Unresolved Issues on October 19, 2007 (Dkt. # 26) to which Defendants filed Objections on October 22, 2007 (Dkt. # 27). A telephonic hearing was held on October 31, 2007.

The parties have reached agreement regarding the production of warnings, corrective action, disciplinary notices, and terminations of other employees and limiting the scope of the remaining discovery requests to Radiologic Technologists employed at Children's Hospital from November 4, 2005 to July 31, 2006.

The parties have not reached agreement regarding the production of a log of radiologic exams from November 4, 2005 to July 31, 2006, in the same form and with the same categories of information as that produced by Defendant for the Plaintiff (DMC-SCOTT 0454-0511). Yet, the motion referred formally deals with Interrogatory 13 and Request for Production No. 9 from Plaintiff's First set of Interrogatories and Request for Production of Documents.[1] Those issues

---

[1]

INTERROGATORY
13. Please describe in detail any complaints, concerns, incidents or other issues about the job performance of any other radiologic technologists employed by Defendants in the past five years.

DOCUMENT REQUEST

1

have been resolved by supplemental submissions from Defendants.

The dispute centers around the production of (or creation of) certain performance records for other radiologists at Children's Hospital. Defense has asserted that Plaintiff was unable to perform "the essential functions of her job" and has produced a 45 page log of her x-ray exams summarizing various problems and several x-rays needing to be repeated. Plaintiff is trying to obtain similar records for other Radiologic Technologists employed at Children's Hospital from November 4, 2005 to July 31, 2006, to see whether Plaintiff's performance differed from theirs. Apparently Plaintiff's counsel was given the Defendants' summary log of Plaintiff's x-rays in August of this year. Plaintiff's counsel timely filed a Second Request for Production for Documents seeking similar data in log form for each Radiologic Technologists employed at Children's Hospital from November 4, 2005 to July 31, 2006. Defendants filed objections to this on October 8. They also note that no such log exists for the other Radiologic Technologists.

Plaintiff has not filed a motion to compel regarding this Second Request for Production for Documents and it is inappropriate to order such production on the current motion referred for hearing and determination. For this reason, Plaintiff's motion is DENIED.

At the hearing, in the nature of a status conference on this other potential discovery issue and related motions, the issue was discussed. There is no question that this 45 page log on Plaintiff's performance is significant defense evidence that she cannot perform "the essential functions of her job." Defendants has two experienced Radiologic Technologists review Plaintiff's x-rays and created this log of her deficiencies. To create this summary of asserted problems with Plaintiff's performance, Defendants used core material to which they have access and Plaintiff does not. In addition to this chart – derived in part from objective evidence and in part by subjective evaluation by the two Radiologic Technologists doing the reviews and

---

9. Please attach copies of warnings, corrective action, disciplinary notices, terminations, or other documentation regarding any complaints, concerns, incidents or other issues about the job performance of any radiologic technologists employed by Defendants in the past five years.

compiling the summary – Defendants are also proffering subjective testimony from its employees that Plaintiff's rate of needing to have her x-rays repeated because of deficiencies was far higher than acceptable from an Radiologic Technologist capable of performing the essential functions of that job. The underlying data on the number of required repeat x-rays for Plaintiff and for the other Radiologic Technologists has been destroyed in the ordinary course of business.

Thus Plaintiff cannot counter this subjective testimony. Yet, because the underlying x-rays and related data does still exist and is in the possession of Defendants, Plaintiff seeks summary logs derived from it for the other Radiologic Technologists employed at Children's Hospital from November 4, 2005 to July 31, 2006. If Defendants will not produce a comparable log for the other Radiologic Technologists employed at Children's Hospital from November 4, 2005 to July 31, 2006, Plaintiff seeks access to the underlying data for at least a representative month such as July 2006, to determine from the objective data whether other Radiologic Technologists employed at Children's Hospital had similar rates of flaws in their x-rays. It appears that at least a limited sampling of such data is possible, and is reasonably likely to be relevant to the dispute over Plaintiff's capacity to perform the essential functions of her former job. It also seems that fundamental fairness would require both parties having access to the similar underlying data as that used by Plaintiffs in producing their 45 page log concerning Plaintiff's performance. Yet, this issue of discovery is not formally involved in the present motion. The parties were urged to attempt to resolve some compromise arrangement concerning this dispute without the need for formal motions, and indicated that any protective orders that might be necessary could be obtained. It is also likely that some resolution of this discovery issue is appropriate before this Court rules on Defendants' pending motion for summary judgment, but that determination is to be made by Judge Edmunds if the parties cannot reach some agreement.

    The parties to this action may object to and seek review of this Order, but are required to file any objections within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §

3

636(b)(1)Fed. R. Civ. P. 72(b) and E.D. Mich. LR 72.1(d). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge. Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the Court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

SO ORDERED.


October 31,2007                                   s/ Steven d. Pepe
Flint, MI                                         United States Magistrate Judge

CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: David A. Kotzian, Charles N. Raimi, Alethea A. Wilson, and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: not applicable

                                                  s/ James P. Peltier
                                                  James P. Peltier
                                                  Courtroom Deputy Clerk
                                                  U.S. District Court
                                                  600 Church St.
                                                  Flint, MI 48502
                                                  810-341-7850
                                                  pete_peltier@mied.uscourts.gov